UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN BURNETT,

        Plaintiff,

v.

GRAND RAPIDS POLICE DEPARTMENT,
*et al.*,

        Defendants.

        Case No. 1:20-cv-633

        Hon. Robert J. Jonker

_____/

**ORDER DENYING *IN FORMA PAUPERIS* STATUS**

*Pro se* plaintiff has filed a paper captioned "In re: The United States or [sic] America In The Family of Nations; The United States Government In The Family of Nations; The State or [sic] Michigan Republican Form or [sic] Government", which is entitled "Counter claim for color of law claim for civil violations and denial of constitutional rights privileges and immunities guaranteed by C.U.S.A. republican form of government" (ECF No. 1). The Court construes this paper as a complaint initiating a lawsuit. This matter is now before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2).

The filing fee for a civil action is $400.00[1]. The Court should only grant leave to proceed *in forma pauperis* when it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Here, plaintiff has refused to complete the Court's "Application to proceed in District Court

---

[1] This includes the $350 statutory fee under 28 U.S.C. § 1914(a), plus the $50 administrative fee prescribed by the Judicial Conference under 28 U.S.C. § 1914(b).

without pre-paying fees or costs" (PageID.24-28), stating that the Court's form is not applicable ("N/A"). Rather, plaintiff has created her own document entitled "Affidavit of Petition for waiver of court fees and costs for natural person" (PageID.29-32). The document does not include any information to assess indigency; rather, it makes an attempt to construct a legal argument that the Court is not allowed to charge a filing fee or obtain financial information to assess a waiver request. Plaintiff's argument is wrong. The Court has a statutory obligation to assess the fee, 28 U.S.C. § 1914, unless IFP status is properly established. 28 U.S.C. § 1915. Based on this record, plaintiff has failed to establish that paying the cost of the filing fee would impose an undue financial hardship.

Accordingly, plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED** on the present record. Plaintiff must either submit the $400.00 filing fee, or file the proper affidavit seeking IFP status, within **28 days** of the date of this order, or this action will be dismissed.

**IT IS SO ORDERED.**

Dated:     July 16, 2020          /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  CHIEF UNITED STATES DISTRICT JUDGE

2